# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> *Plaintiff,* <br><br> v. <br><br> JOY ROCKWELL ENTERPRISES, INC. d/b/a POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals, and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> *Defendants.* | Case No.: <br><br> Civil Action <br><br> **NOTICE OF REMOVAL** |

**TO:**   The Clerk of the Court
U.S. District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**WITH NOTICE TO:**

Clerk of the Superior Court
Superior Court of New Jersey
Monmouth County Civil Division
Monmouth County Courthouse
71 Monument Street
P.O. Box 1266
Freehold, New Jersey 07728

Hon. Lourdes Lucas
Superior Court of New Jersey
Monmouth County Civil Division
Monmouth County Courthouse
71 Monument Street, 2nd Floor
P.O. Box 1266
Freehold, New Jersey 07728

| | |
|---|---|
| Rajiv D. Parikh | John A. Yanchunis |
| Kathleen Barnett Einhorn | Ryan J. McGee |
| PEM Law LLP[1] | Morgan & Morgan |
| 1 Boland Drive, Suite 1010 | 201 N. Franklin Street, 7th Floor |
| West Orange, New Jersey 07052 | Tampa, Florida 33602 |

**D.N.J. LOCAL RULE 10.1 STATEMENT**

Plaintiffs in this action are Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan ("Plaintiffs"). Atlas' address is 201 Montgomery St., Suite 263, Jersey City, NJ 07302. Defendant does not have information regarding the remaining Plaintiffs' addresses. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of PEM Law LLP, 1 Boland Drive, Suite 1010, West Orange, NJ 07052[2] and John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

Defendant is Joy Rockwell Enterprises, Inc. d/b/a PostcardMania PCM LLC ("PostcardMania") with its address at 2145 Sunnydale Blvd., Bldg 102, Clearwater, FL 33765. PostcardMania is represented by Kelly M. Purcaro, Esq. and Kory Ann Ferro, Esq. of Greenspoon Marder LLP, One Riverfront Plaza, 1037 Raymond Blvd., Suite 900, Newark, NJ 07102.

---

[1] During a March 28, 2024 meet and confer, Mr. Parikh advised of his and Ms. Einhorn's departure from Genova Burns LLC, 494 Broad Street, Newark, NJ 07012. Plaintiffs' counsel agreed to accept email service to Mr. Parikh's new address.
[2] *See* footnote 1 above.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant PostcardMania hereby removes the above-entitled action, styled Docket No. MON-L-000486-24, *Atlas Data Privacy Corp, et al. v. Joy Rockwell Enterprises, Inc. d/b/a PostcardMania PCM LLC, et al.*, and all claims and causes of action therein, from the Superior Court of New Jersey, Monmouth County, to the United States District Court for the District of New Jersey.

PostcardMania denies any liability in this case, denies the allegations of Plaintiffs' Complaint, and reserves all rights to contest, amongst other things, the sufficiency of service of process, the existence of personal jurisdiction, and the merits of all claims in Plaintiffs' Complaint or any subsequent pleading. For purposes of the jurisdictional requirements for this removal only, the allegations of Plaintiffs' Complaint meet the requirements for jurisdiction under 28 U.S.C. § 1332 (a) and demonstrate that removal to this Court is proper.

In support of removal, PostcardMania respectfully submits the following:

## STATEMENT OF THE CASE

1. Plaintiffs are comprised of eight individuals and Atlas, as purported assignee of 19,250 "covered persons," under Daniel's Law, *N.J.S.A.* 47:1A-1, *et seq.* and *N.J.S.A.* 56:8-166.1. Plaintiffs initiated this action through the filing of their Complaint on February 7, 2024 in the Superior Court of New Jersey, Monmouth County, entitled *Atlas Data Privacy Corp, et al. v. Joy Rockwell*

*Enterprises, Inc. d/b/a PostcardMania PCM LLC, et al.*, Docket No. MON-L-000486-24 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and L. Civ. R. 5.1(e), a copy of all process, pleadings, and orders filed to date in the State Court Action are attached hereto as **Exhibit A**.

2. This action is one of 143 filed by Atlas asserting violations of Daniel's Law, a recently enacted statute aimed at protecting the home addresses and unpublished home telephone numbers of judges, law enforcement officers, child protective investigators, prosecutors, and their immediate family members from being disclosed online. The statute enables such individuals ("covered persons") to request that a business or website remove their information and refrain from public disclosure of same. It provides a ten-business-day compliance timeline from receipt of notice and provides for "liquidated damages" of "$1,000 for each violation." *N.J.S.A.* 56:8-166.1.

3. Plaintiffs allege that PostcardMania "offer and engage in the disclosure of data and information through one or more websites or applications, mailing lists, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey" including through "postcardmania.com." Compl. at ¶ 39.

4. Plaintiffs further allege that, "[s]tarting on or about December 30, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned

claims to Atlas) sent [PostcardMania] written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail." *Id.* at ¶ 51.

5. Plaintiffs claim that PostcardMania "failed to cease the disclosure or re-disclosure on the Internet or otherwise making available of the protected information of the Individuals Plaintiffs [sic] and Covered Persons within the time period required by Daniel's Law." *Id.* at ¶ 53.

6. Plaintiffs assert a single cause of action against PostcardMania for an alleged violation of Daniel's Law and seek: (1) immediate compliance with Daniel's Law; (2) actual damages "not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'"; (3) punitive damages; (4) attorneys' fees and interest; and (5) injunctive relief.

7. A summons and the Complaint were served on PostcardMania on February 29, 2024. *See* Ex. A.

8. This Notice of Removal is based on the allegations of the Complaint and does not admit the truth or facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief. PostcardMania expressly denies that Plaintiffs are entitled to any relief and reserves all available defenses. Nothing contained herein shall be deemed a waiver of any kind.

## LEGAL STANDARD

9. "Under 28 U.S.C. § 1441, 'any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court.'" *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 539–40 (D.N.J. 2020).

10. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a)). "By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates, Congress intended to clarify that courts should apply the same liberal rules [to removal allegations as] to other matters of pleading." *Id.* (citations omitted) (alteration in original).

11. "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell*, 478 F. Supp. 3d at 540. "When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Id.*

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted) (alteration in original). "[T]he sum

6

demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446. Where "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores*, LLC, 813 F. App'x 780, 783 (3d Cir. 2020) (citation omitted). "Defendant's concession as to the amount in controversy pled in the Complaint [] does not translate into a concession as to the merits or adequacy of Plaintiff's pleading or an admission that it acted in bad faith." *Schor v. State Farm Fire & Cas. Ins. Co.*, No. CIV.A. 15-610, 2015 WL 1230200, at *4 (E.D. Pa. Mar. 18, 2015).

## BASIS FOR REMOVAL

13. PostcardMania may remove this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and, upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1441(b) and 1446(b).

14. Venue is proper in this district because the District of New Jersey embraces the county where the above action is pending.

**A.  There is Complete Diversity of Citizenship Among the Parties**

15. This action satisfies the complete diversity requirement of 28 U.S.C § 1332(a)(1).

7

16. Although the addresses of the individual Plaintiffs are not included in the Complaint, the allegations therein, and the applicability of Daniel's Law to "covered persons" in New Jersey, confirms that each individual Plaintiff is a current or former New Jersey law enforcement officer currently "liv[ing] or working in New Jersey as follows:

    a.    Plaintiff Jane Doe-1 is a "decorated veteran police officer working in Northern New Jersey." Compl. at ¶ 15.

    b.    Plaintiff Jane Doe-2 is a "veteran correctional police officer who lives in Northern New Jersey." *Id.* at ¶ 16.

    c.    Plaintiff Edwin Maldonado "joined the Plainfield, New Jersey police department as a patrol officer in 2000 . . . became a Detective with Plainfield's major crime unit and joined a Federal task force" targeting a New Jersey gang. *Id.* at ¶ 17.

    d.    Plaintiffs Scott Maloney and Justyna Maloney are "both veteran police officers currently serving with the Rahway, New Jersey Police Department." *Id.* at ¶ 18.

    e.    Plaintiff Patrick Cooligan "is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey." *Id.* at ¶ 22.

    f.    Plaintiff Peter Andreyev "is a 32-year veteran of the Point

    Pleasant, New Jersey Police Department." *Id.* at ¶ 23.

  g. Plaintiff William Sullivan "is an 18-year veteran of the New Jersey Department of Corrections." *Id.* at ¶ 24.

17. Notably, under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40A:14-122.8. As such, based upon the allegations of the Complaint, all individual Plaintiffs are New Jersey citizens.

18. Plaintiff Atlas "is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." *Id.* at ¶ 25. Atlas is thus a citizen of Delaware and New Jersey.[3]

19. At the commencement of the Law Division Action, and at all relevant times herein, PostcardMania was not and is not a citizen of the State of New Jersey or, to the extent applicable, the State of Delaware. PostcardMania is, and at all times relevant to this Notice of Removal has been, organized under the laws of Florida with its principal place of business in Florida and is thus a citizen of Florida. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("A corporation is a citizen both of the state where it is incorporated and of the state

---

[3] To the extent the citizenship of Atlas' purported 19,250 assignee's controls (*see A.K. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. CV2120717MASJBD, 2023 WL 6231147, at *3 (D.N.J. Aug. 14, 2023)), the citizenship would thereby be reduced to New Jersey as Atlas claims its assignees are "individuals who reside, work or had previously resided or worked in New Jersey[.]" Compl. at ¶ 27.

where it has its principal place of business." (internal quotation marks and citations omitted).

20. The citizenship of fictitious Defendants Richard Roes 1-10 and ABC Companies 1-10 is disregard for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1).

21. As such, Plaintiffs and Defendant are not citizens or residence of the same state and complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

**B.   The Amount in Controversy, as Pled, Exceeds the $75,000 Threshold**

22. The amount in controversy, as pled by Plaintiffs in their Complaint, exceeds the $75,000 jurisdictional requirement of 28 U.S.C. 1332(a). As previously stated, PostcardMania does not admit the truth or facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief. The amount in controversy is derived, as required, solely based upon Plaintiffs' Complaint.

23. Plaintiffs allege that "[a]s a result of [Postcardmania's] failure to comply with Daniel's Law," each of the eight named Plaintiffs and the 19,250 individuals who purportedly assigned their claims to Atlas "have suffered damages[.]" Compl. at ¶ 62. Plaintiffs request, amongst other relief, "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *Id.* at Wherefore subsection (B). Thus, the amount in controversy far

exceeds the requisite $75,000 jurisdictional threshold based upon the liquidated damages claim alone at $1,000 for each of the apparent 19,258 Plaintiffs (potentially in more than $19 million).  *See Nat'l Recovery Sys. v. Ornstein*, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment[.]"); 28 U.S.C. § 1332(d)(6) (noting mandatory aggregation of claims in class actions for purposes of determining the amount in controversy).

24. While the claimed liquidated damages would alone satisfy the threshold, Plaintiffs' claim for punitive damages increases the amount in controversy well beyond $75,000.  *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("In addition, [plaintiff] is seeking punitive damages, which we must consider when calculating the amount in controversy.").  Under New Jersey law, punitive damages are calculated as the greater of five times compensatory damage or $350,000. N.J.S.A. 2A:15-5.14.  Thus, Plaintiffs' demand for punitive damages in and of itself satisfies the jurisdictional threshold.

25. Daniel's Law provides for the permissive award of "reasonable

attorneys' fees." N.J.S.A. 56:8-166.1(c)(3). Plaintiffs' demand for attorneys' fees and costs pursuant to the statute thereby also increases the amount in controversy for purposes of a removal analysis. *See Frederico*, 507 F.3d at 199 (In determining the amount in controversy, the Court "must also consider attorney's fees," which "could be as much as thirty percent of the judgment."); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), as amended (Feb. 18, 1997) ("[I]n calculating the amount in controversy, we must consider potential attorney's fees."); *Thompson v. Travelers Indem. Co.*, No. 23CV02630ZNQDEA, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024) ("With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute.").

26. Accordingly, even omitting Plaintiffs' alleged potential actual damages and cost of the injunctive relief demanded, Plaintiffs' Complaint undoubtedly asserts damages far in excess of the $75,000 jurisdictional threshold.

### C. All Procedural Prerequisites for Removal are Satisfied

27. Removal is made to the proper Court as required by 28 U.S.C. § 1441(a). This action, filed in the Superior Court of New Jersey, Monmouth County, is being removed to the United States District Court for the District of New Jersey, which embraces the place where the action is pending.

28. Removal is timely under 28 U.S.C. § 1446(b) because, as

PostcardMania was purportedly served on February 29, 2024 (*see* Ex. A), this Notice is filed within 30 days of receipt "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding."

29. PostcardMania has complied and will comply with 28 U.S.C. §§ 1446(a) and (d) by: (1) attaching a true and correct copy of all process, pleadings, or orders on file in the State Court Action as Exhibit A; (2) promptly filing a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, with the clerk of the Superior Court, Monmouth County, under Docket No. MON-L-000486-24; and (3) promptly serving a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, upon counsel for Plaintiffs.

30. No previous application has been made for the relief requested herein.

31. This notice has been signed pursuant to *Fed. R. Civ. P.* 11.

## CONCLUSION

By this Notice, Defendant PostcardMania does not waive any objections or defenses, including, but not limited to, insufficiency of service of process, lack of jurisdiction, improper venue, *forum non conveniens*, or failure to state a claim. PostcardMania does not admit any fact, law, or liability by this Notice, and instead makes an express reservation of all rights, defenses, motions, and pleas.

**WHEREFORE**, PostcardMania respectfully requests this action be removed to this Court for determination, all further proceedings in the State Court

Action be stayed, and for all other relief this Court deems just and proper.

DATED: March 29, 2024                    Respectfully submitted,

*/s/ Kelly M. Purcaro*
**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant Joy Rockwell Enterprises, Inc. d/b/a PostcardMania PCM LLC*

## CERTIFICATION OF NON-ARBITRABILITY PURSUANT TO L. CIV. R. 201.1(d)(3)

I certify, pursuant to L. Civ. R. 201.1(d)(3), that the above-captioned matter is not arbitrable because the amount in controversy exceeds the sum of $150,000 exclusive of interest and any claim for punitive damages,

I certify under penalty of perjury that the foregoing is true and correct. Executed this 29th day of March, 2024

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, other than the State Court Action from which removal is requested, or pending in any arbitration or administrative proceeding. Noting, while not the same defendants, about 23 other companies sued by the same or similar plaintiffs have south to remove their state court actions to this Court. Those cases are as follows:

1. *Atlas Data Privacy Corporation, et al. v. WE Inform, LLC,* Docket No. MRS-L-000379-24;

2. *Atlas Data Privacy Corporation, et al. v. Lightbox Parent, L.P. et al.,* Docket No. MER-L000309-24;

3. *Atlas Data Privacy Corporation, et al. v. 6Sense Insights, Inc. et al.,* Docket No. MID-000988-24;

15

4. *Atlas Data Privacy Corporation, et al. v. DM Group, Inc. et al.*, Docket No. MID-L-000990-24;

5. *Atlas Data Privacy Corporation, et al. v. Red Violet, Inc. et al.*, Docket No. MON-L-000482-24;

6. *Atlas Data Privacy Corporation, et al. v. Search Quarry, LLC, et al.*, Docket No. MON-L-000516-24;

7. *Atlas Data Privacy Corporation, et al. v. Twilio, Inc. et al.*, Docket No. MRS-L-000226-24;

8. *Atlas Data Privacy Corporation, et al. v. Blackbaud, Inc., et al.*, Docket No. MRS-L-000243-24;

9. *Atlas Data Privacy Corporation, et al. v. Development, LLC, et al.*, Docket No. MRS-L-000244-24;

10. *Atlas Data Privacy Corporation, et al. v. The People Searchers, LLC, et al.*, Docket No. MRS-L-000257-24;

11. *Atlas Data Privacy Corporation, et al. v. Carco Group, Inc. et al.*, Docket No. MRS-L-000270-24;

12. *Atlas Data Privacy Corporation, et al. v. Commercial Real Estate Exchange, Inc.*, Docket No. MRS-L-000271-24*;*

13. *Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.*, Docket No.: BER-L-000767-24;

14. *Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.*, Docket No.: BER-L-000770-24;

15. *Atlas Data Privacy Corporation, et al. v. Deluxe Corporation, et al.*, Docket No.: BER-L-000821-24;

16. *Atlas Data Privacy Corporation, et al. v. Yardi Systems, Inc., et al.* Docket No.: BER-L-000856-24;

17. *Atlas Data Privacy Corporation, et al. v. Re/Max, LLC, et al.,* Docket No.: BER-L-000871-24;

18. *Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et al.,* Docket No.: BER-L-000872-24;

19. *Atlas Data Privacy Corporation, et al. v. Quantarium Alliance, LLC, et al.,* Docket No.: BER-L-000878-24;

20. *Atlas Data Privacy Corporation, et al. v. Oracle International Corporation, et al.,* Docket No.: BER-L-000917-24;

21. *Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,* Docket No.: MER-L-000270-24;

22. *Atlas Data Privacy Corporation, et al. v. Axiom LLC, et al.,* Docket No.: MER-L-000283-24;

23. *Atlas Data Privacy Corporation, et al. v. Hiya, Inc., et al. ,* Docket No.: MER-L-000285-24;

24. *Atlas Data Privacy Corporation, et al. v. Spokeo, Inc., et al.,* Docket No. MRS-L-000227-24;

25. *Atlas Data Privacy Corporation, et al. v. i360, LLC, et al.,* Docket No. MER-L-000297-24;

26. *Atlas Data Privacy Corporation, et al. v. Telnyx LLC, et al.,* Docket No. MRS-L-000260-24;

27. *Atlas Data Privacy Corporation, et al. v. Civil Data Research, LLC, et al.,* Docket No.: MER-L-292-24;

28. *Atlas Data Privacy Corporation, et al. v. Scalable Commerce, LLC, et al.,* Docket No.:  BER-L-771-24;

29. *Atlas Data Privacy Corporation, et al. v. Epsilon Data Management, LLC, et al.,* Docket No.: MON-L-000533-24;

30. *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.,* Docket No.: BER-L-000812-24;

31. *Atlas Data Privacy Corporation, et al. v. Innovis Data Solutions, Inc., et al.*, Docket No.: MRS-L-000285-24;

32. *Atlas Data Privacy Corporation, et al. v. Claritas, LLC, et al.* Docket No.: BER-L-000868-24;

33. *Atlas Data Privacy Corporation, et al. v. People Data Labs, Inc.,* Docket No.: MON-L-000515-24;

34. *Atlas Data Privacy Corporation, et al. v. Reminie Inc., et al.,* Docket No.: MRS-L-000258-24;

35. *Atlas Data Privacy Corporation, et al. v. Accurate Append, Inc., et al.,* Docket No.: MID-L-000848-24;

36. *Atlas Data Privacy Corporation, et al. v. Teltech Systems, Inc., et al.,* Docket No.: MID-L-000859-24;

37. *Atlas Data Privacy Corporation, et al. v. Peopleconnect, Inc., et al., Docket No.:* MON-L-000484-24;

38. *Atlas Data Privacy Corporation, et al. v. Black Knight Technologies, LLC, et al.*, Docket No.: MER-L-000271-24;

39. *Atlas Data Privacy Corporation, et al. v. Equimine, Inc. d/b/a Propstream, et al.,* Docket No.: MON-L-535-24;

40. *Atlas Data Privacy Corporation, et al. v. Choreograph LLC, et al.,* Docket No.: BER-L-00920-24;

41. *Atlas Data Privacy Corporation, et al. v. Melissa Data Corp, et al.,* Docket No.: MRS-L-224-24;

42. *Atlas Data Privacy Corporation, et al. v. Equifax, et al.,* Docket No.: BER-L-000919-24;

43. *Atlas Data Privacy Corporation, et al. v. Zillow, Inc., et al.,* Docket No.: BER-L-000874-24;

44. *Atlas Data Privacy Corporation, et al. v. Transunion, LLC, et al.,* Docket No.: BER-L-000810-24;

45. *Atlas Data Privacy Corporation, et al. v. Restoration of America, et al., Docket No.:* MON-L-000510-24.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of March 2024.

                                                 */s/ Kelly M. Purcaro*
                                                 Kelly M. Purcaro

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I filed a true and correct copy of the foregoing with the court.  The Parties may access this filing through the Court's system.  In addition, a copy was served, by agreement of the Parties, via email upon:

| | |
|---|---|
| Rajiv D. Parikh | John A. Yanchunis |
| Kathleen Barnett Einhorn | Ryan J. McGee |
| PEM Law LLP[4] | Morgan & Morgan |
| 1 Boland Drive, Suite 1010 | 201 N. Franklin Street, 7th Floor |
| West Orange, New Jersey 07052 | Tampa, Florida 33602 |
| rparikh@pemlawfirm.com | jyanchunis@forthepeople.com |
| keinhorn@pemlawfirm.com | rmcgee@forthepeople.com |

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

---

[4] Counsel for all Parties engaged in a meet and confer on March 28, 2024 at which time Mr. Parikh advised that he and Ms. Einhorn had both recently departed Genova Burns LLC.  He and Mr. McGee both agreed to accept email service of this Notice and Mr. Parikh requested same be sent to his new firm email address.